22758

The STATE, Respondent v. Glenn Murray HARRIS, Appellant.

(358 S. E. (2d) 713)

Supreme Court

*Deputy Chief Atty. Elizabeth C. Fullwood,* of the *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., Carolyn M. Adams* and *Ruby B. McClain,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Héard June 9, 1987.

Decided July 27, 1987.

LITTLEJOHN, Acting Justice:

Appellant (Harris) was convicted of assault with intent to commit sexual conduct with a minor, second degree, and sentenced to ten years. He testified at trial and contends his credibility was impeached improperly with a prior conviction for the crime of "Peeping Tom." We disagree and affirm.

The crime of "Peeping Tom," a felony, is defined in S. C. Code Ann. § 16-17-470 (1985) as looking "through windows or doors or other like places, on or about the premises of another, for the purpose of spying upon or invading the privacy of the persons spied upon and the doing of any other acts of a similar nature, tending to invade the privacy of such persons." Harris contends impeachment was improper because the crime does not involve moral turpitude.

A prior conviction used to impeach a witness's credibility must involve a crime of moral turpitude. *State v. Morris,* 289 S. C. 294, 345 S. E. (2d) 477 (1986). Moral turpitude has been defined by this court as "an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man, or to society in general, contrary to the accepted and customary rule of right and duty between man and man. . . ." *State v. Yates,* 280 S. C. 29, 37, 310 S. E. (2d) 805, 810 (1982).

The crime of "Peeping Tom" involves peering into private places and breaches a duty one owes his neighbors. It is inherently immoral. While not determinative, it is also significant that the legislature has categorized the crime as a felony. *See State v. Morris, supra.*

We hold "Peeping Tom" is a crime of moral turpitude. Therefore, the trial court committed no error in ruling Har-

ris' testimony could be impeached with his prior conviction of this offense.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.